IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN MARENO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0396-WS-C |
| | ) |
| WAL-MART STORES, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 4). The plaintiff has filed a brief in support, (Doc. 5), the defendant has declined the opportunity to respond, (Docs, 6, 8), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be granted.

The plaintiff sued the defendants for injuries received in a motor vehicle accident. With respect to damages, the complaint "demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court, not to exceed the jurisdictional minimum for subject matter jurisdiction based upon diversity of citizenship in the United States District Courts." (Complaint at 3). That is, on its face the complaint demands less than the $75,000.01 required to trigger federal jurisdiction.

"We conclude that because plaintiff asserts in her ad damnum clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, [i]s required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below $[75],000." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). To remain in federal court, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $[75],000." *Id*. at 1096.

The defendants in their removal papers do not acknowledge, much less attempt to satisfy, this daunting standard. They note that the plaintiff seeks punitive damages, (Doc. 1, ¶ 5), but so

did the plaintiff in *Burns*, 31 F.3d at 1093, yet the Court held the "legal certainty" test unmet. In addition, the defendants note that the plaintiff lists future medical expenses as an element of damages, (Doc. 1, ¶ 8), but the *Burns* Court held the plaintiff's observation that she might in the future seek additional compensatory or punitive damages inadequate to satisfy the "legal certainty" test. 31 F.3d at 1094, 1097.

Finally, the defendants complain that, in response to a request for admission concerning the amount in controversy,[1] the plaintiff responded, "The Plaintiff is without sufficient information to admit or deny. Discovery is [on]going, the extent of Plaintiff's damages has not been determined." (Doc. 5 at 2). This is difficult to distinguish in character from the statement of the plaintiff in *Burns* that the amount of her claim might increase if her health worsened or if discovery revealed facts supporting a greater claim for punitive damages, which the Eleventh Circuit held inadequate to meet the defendant's burden. 31 F.3d at 1094, 1097.

The defendants do not argue that the plaintiff's "noncommital" response to their request for admission transforms the applicable standard from legal certainty to the preponderance-of-the-evidence measure that governs complaints not specifying an amount in controversy. Nor does such a result seem possible, given that the legal certainty test applies whenever the complaint itself demands less than the jurisdictional amount, and given that the plaintiff's complaint does precisely that.

At any rate, the defendants could not justify removal in this case even under the more forgiving test of preponderance. "There are several reasons why a plaintiff would not so stipulate [that his damages did not exceed $75,000], and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Nor does a complaint satisfy this burden simply because it alleges past and future physical and mental injuries, medical expenses, lost wages, and diminished earnings capacity and demands punitive damages. *Id*. at 1318, 1320. It was open to the defendants to submit additional evidence as to the amount in controversy, but they chose not to do so and, accordingly, necessarily have failed to carry their burden of establishing the

---

[1] The defendants did not submit the request for admission, so the Court is unsure as to its wording.

propriety of removal.[2]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). This case would appear to be an appropriate one for the award of such expenses and fees but, since the plaintiff did not request them, the Court will not impose them.

For the reasons set forth above, the motion to remand is **grante**d. This action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 21st day of September, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]By failing to oppose the plaintiff's motion to remand, the defendants forfeited any opportunity to obtain court-ordered discovery as to the amount in controversy.